[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Paul Colangelo and Raymond Decker appeal a decision of the Torrington Planning and Zoning Commission ("commission") approving the site plan application of the defendants Alan R. Borghesi and Dibble Street Associates to construct a building containing an oil/lube facility and a package store at the corner of Dibble and East Main streets in Torrington. The commission acted pursuant to General Statutes §§ 8-3
(g) and 8-7d. The plaintiffs appeal pursuant to General Statutes § 8-8.
By application dated April 2, 2002, the defendant Borghesi sought site plan approval to construct a retail/lube (oil change) facility. The application was reviewed by various city departments, i.e., fire department, city engineer, traffic department and water company prior to action by the defendant commission. (Return of Record (ROR) Items 2-4, 6-7, 12, 23.) It is clear from the record that the retail portion of the proposed facility was to be a liquor store. At its May 8, 2002 meeting, the commission approved the application with conditions (ROR Item 26). Notice was published of this decision on May 15, 2002. (ROR Item 28.) The plaintiffs commenced this appeal by service of process on May 30, 2002.
Before turning to the claim of the plaintiffs on appeal, the court must address the issue of aggrievement. Pleading and proof of aggrievement are prerequisites of the court's jurisdiction over the subject matter of an administrative appeal. Harris v. Zoning Commission, 259 Conn. 402, 409
(2002); General Statutes § 8-8 (b). Under General Statutes § 8-8
(a) (1), in an appeal from a decision by a zoning commission, an aggrieved person is one who owns land abutting or within a radius of one hundred feet of any portion of the land involved in the decision of the board. Additionally, and pertinent here, the Supreme Court has consistently held that taxpayers in zoning appeals involving liquor outlets are automatically aggrieved. Alliance Energy Corp. v. Planning Zoning Board, 262 Conn. 393 (2003) (nonresident taxpayer has standing to appeal a decision involving the sale of liquor); Jolly, Inc.CT Page 3457v. Zoning Board of Appeals, 237 Conn. 184, 193-94 (1996). The court heard testimony from one of the plaintiffs, Paul Colangelo, establishing that he is a taxpayer in Torrington. While the court did not hear testimony relating to the plaintiff Paul Decker, the plaintiffs included certified copies of land records showing his ownership of property within one hundred feet of the subject property. The defendants raised no rebutting argument or evidence to this claim of aggrievement. The court finds that the plaintiffs are aggrieved.
The plaintiffs claim that the commission acted arbitrarily, illegally and in abuse of its discretion by approving the site plan because that action violated the zoning regulation that prohibits the location of a package store within five hundred feet of a hospital. The plaintiffs specifically argue that because the record shows that within five hundred feet of the proposed package store is the Northwest Connecticut Medical Walk-In Clinic, a division of the Charlotte Hungerford Hospital, the commission should have rejected the site plan.
The court's role in considering this claim is well established. It is limited to whether the commission acted arbitrarily, illegally or unreasonably. If there is substantial evidence in the record to support the commission's action, its decision must be sustained. Property Group,Inc. v. Planning Zoning Commission, 226 Conn. 684, 697 (1993).
In considering the application of defendants Borghesi and Dibble Street Associates the commission acts in an administrative capacity.
[I]n reviewing the plaintiff's site plan the commission had no independent discretion beyond determining whether the plan complied with the applicable regulations . . . and was under a mandate to apply the requirements of the regulations as written.
Carr v. Bridgewater, 224 Conn. 44, 55 (1992).
Section 5.3.1 of the applicable Torrington zoning regulations provides that the "public entrance to a package store shall not be within 500 feet as measured with a City accepted right of way any lot used for a . . . hospital." (ROR, Item 32.)
Section 2.2 of the applicable Torrington zoning regulations defines a hospital as,
[A]n institution licensed by the State of Connecticut providing lodging and primary health and medical or surgical care to persons suffering from illness, disease, injury, deformity and other abnormal physical or mental CT Page 3458 conditions. A hospital provides its services primarily to inpatients. A hospital includes related facilities such as laboratories, outpatient facilities or training facilities.
(ROR, Item 32.)
In deciding this appeal, the court must determine if the commission correctly interpreted its regulations and applied them with reasonable discretion to the facts. Wood v. Zoning Board of Appeals, 258 Conn. 691
(2001).
Generally, it is the function of a zoning board or commission to decide within prescribed limits and consistent with the exercise of [its] legal discretion, whether a particular section of the zoning regulations applies to a given situation and the manner in which it does apply. The trial court had to decide whether the board correctly interpreted the section of the regulations and applied it with reasonable discretion to the facts. In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the courts only to determine whether it was unreasonable, arbitrary or illegal.
(Internal citations omitted; internal quotation marks omitted.)Double I Limited Partnership v. Planning Zoning Commission,218 Conn. 65, 72 (1991).
The court has reviewed the record and has considered the above applicable law. Contained in the record is a letter from plaintiffs' counsel informing the commission that the proposed package store would violate § 5.3.1 of the Torrington zoning regulations. The court is convinced that the commission, when alerted to the existence of a walk-in clinic within five hundred feet of the proposed package store, correctly interpreted its regulations to determine that the walk-in clinic did not fall within the definition of a hospital under § 2.2 of the Torrington zoning regulations. See Double I Limited Partnership v.Planning Zoning Commission, supra, 218 Conn. 73 ("if the commission fails to state clearly the reasons for its decision, the trial court . . . must search the record to find a basis for the commission's decision"). The supplemented record reflects that the use of the building housing the Northwest Connecticut Medical Walk-In Clinic was as medical offices and not as a hospital. (Exs. A, Band C of defendants Borghesi and Dibble Street brief dated 1/9/03.) The approval of the site plan application was neither unreasonable, arbitrary nor illegal.
For the foregoing reasons, the plaintiffs' appeal is dismissed.
DiPentima, J. CT Page 3459
[EDITORS' NOTE: This page is blank.] CT Page 3460